IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL DIETLE, | No. CIV S-10-0004-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| MIKE O. McDONALD, | |
| Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are: (1) respondent's motion to dismiss (Doc. 16) the original petition; (2) petitioner's request for leave to file an amended petition (Doc. 18) with proposed amended petition; (3) respondent's statement of non-opposition to petitioner's request to amend (Doc. 19); and (4) petitioner's motion for leave to file a petition for writ of mandate (Doc. 20).

/ / /

/ / /

Petitioner's request for leave to file an amended petition will be granted given respondent's non-opposition to the request. The amended petition is deemed filed and is the operative pleading in this case. Because the original pleading is superseded by the amended pleading, respondent's motion to dismiss now challenges an inoperative pleading. The court declines to incorporate the motion to dismiss into respondent's statement of non-opposition to amendment. Under Federal Rule of Civil Procedure 10(c), a prior <u>pleading</u> may be incorporated into a current pleading or motion by reference to the prior <u>pleading</u>. The rule does not appear, on its face, to allow a prior <u>motion</u> to be incorporated by reference into a current pleading. In addition, the court finds that confusion may result if the court allowed a motion to dismiss to be incorporated by reference in this way. Specifically, petitioner may not know where to look to find respondent's arguments. A better approach in this case is for respondent to file a new response to the amended petition. For these reasons, respondent's motion to dismiss the original superseded petition will be denied as moot. Respondent will be required to file a response to the amended petition.

Turning to petitioner's request for leave to file a petition for a writ of mandate, that request will be denied. In his request, petitioner appears to seek an order directing state officials to stop enforcing his sentence, which he claims is "illegal" because prior state convictions used to enhance his sentence were not serious or violent such as to count as "strikes." This is essentially the gravamen of plaintiff's amended petition, which challenges his sentence on various grounds. It is not necessary for petitioner to file a separate writ of mandate to have access to the same remedies which may be available to him in the context of this habeas action. For this reason, petitioner's request will be denied.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's unopposed request for leave to file an amended petition (Doc. 18) is granted and the amended petition submitted on December 27, 2010, is deemed filed and is the current operative pleading;

2. Respondent's motion to dismiss (Doc. 16) is denied as moot;

3. Petitioner's motion for leave to file a petition for writ of mandate (Doc. 20) is denied as unnecessary; and

4. Respondent shall file a response to the amended petition within 30 days of the date of this order.

DATED: March 9, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE